UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WILLIAM BRIAN THURLBY,

    Petitioner,

v.                                             3:05-cv-504

JIM WORTHINGTON, Warden,

    Respondent.

## MEMORANDUM OPINION

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk is **DIRECTED** to serve a copy of the petition and this Memorandum and Order on the respondent and the Attorney General of the State of Tennessee. However, for the reasons stated below, the respondent shall not be required to file an answer or other pleading to the petition and this petition will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

Petitioner was convicted in the Circuit Court for Sevier County, Tennessee, of premeditated murder and felony murder committed in the perpetration of a kidnapping. The convictions were affirmed on direct appeal. *State v. Thurbley*,[1] No. 03C01-9709-CC-00414, 1999 WL 301591 (Tenn. Crim. App. May 11, 1999), *permission to appeal granted, id.*, (Tenn. December 11, 1999).[2]

According to petitioner, he filed a petition for post-conviction relief in the trial court on December 11, 2000, which was denied on March 7, 2005. He states that the appeal of that denial is pending in the Tennessee Court of Criminal Appeals. Petitioner filed this action while his state post-conviction proceedings are pending in order to comply with the one-year statute of limitation for filing a habeas corpus petition. He asks the court to hold the petition for the writ of habeas corpus in abeyance while he exhausts his state court remedies. This court, however, does not have the authority to stay petitioner's habeas corpus petition:

> When a habeas corpus petition contains claims that are exhausted as well as unexhausted, it is a mixed petition that should be dismissed in its entirety. Specifically, a district court faced with a mixed petition should dismiss it without prejudice rather than hold it in abeyance while the petitioner exhausts his state court remedies.

---

[1] "We note that numerous variations of the defendant's last name appear throughout the record, from Thurlby to Thurbly to Thorlby. Because the defendant's name is spelled 'Thurbley' in the first indictment, we will use that spelling in this opinion." *State v. Thurbley*, 1999 WL 301591 *1 n.1 (Tenn. Crim. App. May 11, 1999).

[2] Although it appears the Tennessee Supreme Court granted permission to appeal, a search of WestLaw fails to disclose a decision by that court in this case. According to petitioner, the Tennessee Supreme Court declined to hear the case but also discovered plain error by an opinion dated December 13, 1999.

*Hudson v. Martin*, 8 Fed. Appx. 352, *353, 2001 WL 302043 *1 (6th Cir. 2001) (citations omitted).

This action will be **DISMISSED WITHOUT PREJUDICE** and thus will not be a bar to petitioner filing a subsequent petition for habeas corpus relief. *Carlson v. Pitcher*, 137 F.3d 416 (6th Cir. 1998) (dismissal of habeas corpus petition on exhaustion grounds will not bar a subsequent petition, even if the subsequent petition may contain new claims for relief). The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c)..

**AN APPROPRIATE ORDER WILL ENTER.**

              s/ Leon Jordan
            United States District Judge